SullivaN, J.
Thornburgh and Clevenger filed a bill in the Probate Court of Randolph county, the object of which was to enforce a lien on certain lands which they alleged they had soldtothe defendantand another,the purchase-money of which remained unpaid. The bill states that at the August term, .1838, of said Court, a petition was. filed by J. Smith for the partition of the lands therein described,and that such proceedings were thereupon had that the lands were ordered to be sold *584 and the proceeds divided among the owners and proprietors thereof; that the complainants (together with a third *person who declined to act), were appointed by the Court commissioners to sell said lands, and tu require one-fourth of the purchase-money in hand, and the balance in two equal annual installments, for which they were to take notes with approved security, and to hold the title to the real estate until the purchase-money was paid ; that they sold the land according to the order of the Court, and that the defend-1 ant, West, and one Barr became the purchasers; that they paid one-fourth of the purchase-money, and gave their notes with security for the balance ; that Barr has sold his interest in the lands to West; that the first note was paid, but that the second remains unpaid; that the complainants commenced a suit at law on the unpaid note, and obtained a judgment against West; that Barr, the other principal obligor, and the sureties had left the State and could not be found; that the complainants have been wholly unable to collect the amount of said judgment by execution or otherwise, &c.; wherefore they pray that said lands, or such portion of them as may be necessary, be sold, &o.
The defendant demurred to the bill, but the demurrer was overruled, and he thereupon answered admitting the sale and purchase of the land as stated in the bill; the assignment of Barr’s interest in the land to West; the execution of the notes and the judgment at law; but denied that the complainants had been unable to collect the amount of said judgment by execution. He alleged in his answer that & fieri facias had been issued on said judgment, and levied on certain personal property; that it had been exposed to sale, but did not sell for want of bidders ; that he has, besides the property levied on, personal property sufficient to pay said debt, &c. On the filing of his answer, the defendant moved the Court to continue the cause and for a rule to take depositions, but the continuance was refused ; and the Court, on bill and answer? decreed the land to be sold for the payment of the purchase-money, &c.
*585 To the foregoing proceedings various objections are made. The first we shall notice is, that the complainants have no interest in the suit. This objection is well taken. The persons beneficially interested in the matter in controversy, should have been made parties to the bill. The complainants were *mere agents to carry the decree of the Court into effect. They had no interest in the subject-matter, and no person should be made a party if he have no interest in the suit. Story’s Eq. Pl., 198, 9. The legal title to the land remained in the parties to the proceedings for its partition, and the purchase-money arising from the sale of it was for their use. It is a general rule in equity, that the person having the legal title in the subject-matter of the suit must be a party, that the legal right may be bound by the decree of the Court.
There is another error in the proceedings which it is proper to notice. The Court should have continued the cause on the application of the defendant, so that he might have an opportunity of taking depositions. The answer admitted, it is true, many of the facts stated in' the bill, but it set up and relied upon other facts in avoidance. It was the privilege of the defendant to do so, but it devolved upon him to prove the new matter thus introduced into the cause, and the Court should have granted a continuance, and not forced the defendant into a trial without proof.
There is also another and still more fatal objection to these proceedings. It is, that the Probate Court had not jurisdiction of the subject-matter of the suit. This bill was filed professedly to enforce a vendor’s lien on real estate for a portion of the purchase-money remaining unpaid. It was calling upon the Probate Court to exercise general chancery powers. This, the Court- could not do. Probate Courts being Courts of limited jurisdiction, are restricted in the exercise of their powers to the jurisdiction conferred upon them. In the cases enumerated in the statute, they may exercise the powers incident to Courts of chancery, but not beyond those cases. If this were a continuation of the proceedings for the *586 partition of the land, the jurisdiction of the Court could not be doubted. But we regard the suit in that case as having terminated, and-this suit as a separate and independent proceeding for the collection of a debt.
O. H. Smith and W. JET. Brumfield, for the plaintiff..
J. Smith, for the defendants.
Per Curiam.—The decree is reversed with costs. Cause remanded, &c.