May Term, 1854.

PHILLIPS
v.
PHILLIPS.

----·-◦◇◦-·----

## PHILLIPS *v.* PHILLIPS.

The defendant in a suit for a divorce, was not bound, by the R. S. 1843, to file his answer until the first day of the term to which the process was returnable.

The defendant in a suit for a divorce, could not, under the R. S. 1843, take depositions until after answer filed.

The defendant in a suit for a divorce was entitled, under the R. S. 1843, upon a proper affidavit, to have the cause continued to take depositions.

*Friday,*
*June 2.*

ERROR to the *Vermillion* Circuit Court.

DAVISON, J.—Bill by the wife against the husband for a divorce and alimony. The cause alleged was cruel and inhuman treatment. Process in the suit was served upon the defendant on the 23d of *June*, 1851, and returned at the next *October* term of the Circuit Court; at which term the defendant answered, putting in issue the material allegations in the bill, and thereupon moved for a continuance. In support of this motion the defendant filed his affidavit, stating, *inter alia,* that for want of the testimony of *Robert Evans, William Holt* and *Jeremiah Hennis,* he could not safely go into the trial of the cause at that term; that they resided without the state—*Evans* and *Holt* in *Illinois,* and *Hennis* in *Virginia;* that no subpœna had been issued for them, because they had not, at any time since the service on the defendant, been within reach of the process of the Court. The affidavit set out specifically the matter expected to be proved by the witnesses, which, if proved, would have been material upon the trial. He desired a continuance of the cause until the next succeeding term of

the Court, to enable him to procure the testimony of the witnesses.

The Court refused the motion, proceeded to hear the cause, and rendered a final decree for the complainant.

It is contended that this was a suit in chancery; that depositions were to be taken; and that the defendant, in accordance with a rule of practice in that Court, was entitled to a continuance. An act in force when the continuance in this case was refused, provides that "the practice and proceedings" in suits for divorce, &c., "shall be the same as in other cases in chancery," with these exceptions: 1. The defendant as to so much of the bill as contains the alleged cause of divorce, may answer the same without oath, &c., by a general denial, &c. 2. The defendant, in his or her answer, may allege any cause or causes of divorce against the complainant. 3. On the hearing, &c., of any bill for a divorce, or such answer in the nature of a cross bill, the default of either party to answer the same, or a failure to appear, shall in no case dispense with proof of the allegations made by the parties respectively. 4. Witnesses may be examined orally in Court, and testimony received in such hearing or trial, as in trials at common law. R. S. 1843, c. 35, s. 45.

It appears by the affidavit that the witnesses whose testimony was desired, were non-residents. They could not, therefore, be brought before the Court for an oral examination. Nor was there any mode in which the defendant could have availed himself of their evidence, unless he took their depositions. None of the exceptions above cited relate to the taking of depositions, and it seems to us that the ordinary practice in chancery suits was applicable to the case made by the affidavit. By that practice the defendant was not bound to file his answer until the first day of the term to which the original process was returnable; nor could he take depositions until it was filed. R. S. 1843, c. 46, ss. 21, 67. The record shows that the defendant was not in default. His answer was filed within the proper time. And having shown by affidavit that he could support his defence, if time was allowed to take certain

May Term, depositions, we think the Court should have granted the
1854.      continuance.   See section 64 of the above chapter, and
THE STATE  6 Blackf. 542.
   v.
BRYANT.         *Per Curiam.*—The decree is reversed with costs.   Cause
remanded, &c.

   *J. P. Usher*, for the plaintiff.
   *T. H. Nelson*, for the defendant.